FILED
2023 Aug-15 PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE I; and JANE DOE II, individually and on behalf of the class of persons described herein , <br><br> Plaintiffs, <br><br> v. <br><br> SHANLEE, INC. d/b/a FANTASIA GENTLEMEN'S CLUB, *et al.*, <br><br> Defendants. | Case No. 2:23-cv-1068-GMB |

## **ORDER**

Before the court is Plaintiffs' Motion to File Complaint Anonymously. Doc. 2. The plaintiffs, who are exotic dancers, allege that Defendants Shanlee, Inc. d/b/a Fantasia Gentlemen's Club and Shannon Reliford violated the Fair Labor Standards Act by paying less than the minimum wage, illegally confiscating money earned from exotic dancing, and misclassifying the plaintiffs (and other members of the putative class) as independent contractors. Doc. 1 at 1–2, 6 & 19–24. The motion (Doc. 2) is due to be granted, at least temporarily.

Federal Rule of Civil Procedure 10(a) provides that a complaint "must name all the parties[.]" Thus, the law presumes that a plaintiff will litigate her case in her own name. *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). In fact, the Eleventh Circuit permits a plaintiff to proceed anonymously only in "exceptional

cases." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992).

A plaintiff may proceed anonymously, however, where she "has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1315–16 (internal citation and quotation marks omitted). To aid in this determination, courts consider whether the plaintiff seeking anonymity is challenging governmental activity, whether she will be required to disclose information of the utmost intimacy, and whether she will be compelled to admit an intention to engage in illegal conduct and risk prosecution. *Id.* at 1316 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Frank*, 951 F.2d at 324. Courts also consider other factors, like whether the plaintiff is a minor, is threatened with violence, and whether anonymity would be fundamentally unfair to the defendants. *Id.* "No one factor is meant to be dispositive; rather, it is the court's task to review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Freedom From Religion Found., Inc. v. Emanuel County Sch. Sys.*, 109 F. Supp. 3d 1353, 1356 (S.D. Ga. 2015) (internal quotation marks and citation omitted).

The plaintiffs' complaint and motion provide the court with limited information to make this determination. The plaintiffs explain that they "wish to remain anonymous in the public sphere as a matter of safety." Doc. 2 at 2. And they contend that the defendants require them "to use stage names while performing to protect them from the danger that a patron may stalk them or try to contact them outside of work." Doc. 2 at 2. While they stress that safety "is paramount," they also point to the "social stigma" of their line of work and the potential chilling effect on litigation if their names become public. Doc. 2 at 2.

On this showing, the court will permit the plaintiffs to proceed anonymously at this early stage in the litigation. In making this determination, the court finds that the presumption of openness is outweighed by the potential safety risks to the plaintiffs. However, the defendants have not been served and have not had the opportunity to respond to the motion. Therefore, after the defendants appear, the court will permit them to challenge the plaintiffs' right to proceed anonymously if they so choose. For the present, however, it is ORDERED that the Motion to File Complaint Anonymously (Doc. 2) is GRANTED.

DONE and ORDERED on August 15, 2023.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE